IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAULETTE CHATMAN, | |
| Plaintiff, | 8:24CV293 |
| vs. | |
| OMAHA HOUSING AUTHORITY, (O.H.A.); | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's Complaint. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis ("IFP"). *See* Filing No. 5. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the Omaha Housing Authority (OHA) for "violation of federal housing codes." Filing No. 1 at 2, 3. Plaintiff alleges that OHA "violated the rights of my father 88 years Paul Chatman. Living condition, bed bugs, roaches, living condition unlivable." *Id*. at 4. Attached to the Complaint is what appears to be a list of Paul Chatman's children, grandchildren, and other relatives. *Id*. at 6. Plaintiff makes no other allegations, nor does she include a request for relief.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Although Plaintiff only names herself as a Plaintiff in the Complaint caption and lists herself as the Plaintiff throughout the Complaint, the only factual allegation in the Complaint is that OHA violated her father's rights. Filing No. 1 at 4. However, as a general rule, a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Jones v. Nebraska*, No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). "Moreover, a non-attorney pro se litigant may not represent someone else in federal court." *Id.* (citing 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests)). Even if Plaintiff alleged sufficient facts to support federal subject matter jurisdiction and state a claim, she is a non-attorney pro se litigant and may not represent her family members in this Court without an attorney. Accordingly, because Plaintiff raises claims only on behalf of an individual other than herself, her claim is subject to dismissal.

To the extent Plaintiff raises any claim on her own behalf, the Complaint fails to meet the minimum pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). Plaintiff's Complaint contains no facts supporting a legally cognizable claim and thus fails to give the defendant fair notice of what the claim is.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). However, out of an abundance of caution, the Court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed. If Plaintiff chooses to amend her Complaint, she should be mindful to allege facts supporting her own legally cognizable claim.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In her amended complaint, Plaintiff must comply with federal pleading requirements. To that end, Plaintiff may use the enclosed form civil complaint if she so chooses.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff the Pro Se 1 Form Complaint for a Civil Case.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 1, 2025**: amended complaint due.

Dated this 2nd day of July, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge