IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PAULETTE CHATMAN,

              Plaintiff,

    vs.

OMAHA HOUSING AUTHORITY,
(O.H.A.);

              Defendant.

**8:24CV293**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Paulette Chatman's amended complaint filed on August 1, 2025. Filing No. 8. Plaintiff filed the amended complaint in response to the Court's prior order advising Plaintiff that the initial complaint failed to state a claim, and instructing Plaintiff that, as a non-attorney, she cannot pursue a lawsuit on behalf of anyone other than herself. Plaintiff was warned that the amended complaint would replace, not supplement, the initial complaint. Filing No. 7.

Plaintiff remains self-represented and has filed her lawsuit in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued the Omaha Housing Authority, alleging the defendant provided inhabitable housing to her father, Paul Chatman, who is now deceased. Plaintiff alleges the defendant violated federal housing codes. Filing No. 8 at 3. Plaintiff alleges her father was evicted from his apartment without notice, and following the eviction, his personal property was confiscated or

destroyed. The complaint states Paul Chatman was unhappy with his living conditions, and despite numerous demands, the defendant did not provide insect extermination, remove the mold, or conduct repairs. Filing No. 8 at 7-8.

In addition to herself, Plaintiff lists her siblings and Paul Chatman's grandchildren as plaintiffs. Filing No. 8 at 1-2. The amended complaint states, "We want some kind of justice for our father who even when he was alive was unable to speak for himself." Filing No. 8 at 9.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at

849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

### A. Lack of Counsel

Plaintiff seeks damages on behalf of her deceased father, and purportedly filed the lawsuit on behalf of herself, her siblings, and her father's grandchildren.

Plaintiff's father is deceased. Plaintiff has not alleged that an estate has been opened to pursue litigation on behalf of Paul Chatman, or that she is the court-appointed personal representative for her father's estate. Even if she was appointed as her father's personal representative, an estate cannot litigate its action in this forum without representation by licensed counsel. *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994).

Moreover, as the Court's prior order already instructed, Filing No. 7, since Plaintiff is not an attorney, she cannot represent anyone other than herself in this Court. Specifically, Plaintiff cannot represent her siblings, Paul Chatman's grandchildren, or his estate. Assuming federal subject matter jurisdiction exists, Plaintiff could bring a lawsuit to recover any damages she may have incurred, but she has not alleged facts supporting a claim on her own behalf.

Plaintiff's complaint must be dismissed because, as a non-attorney, Plaintiff cannot represent others, and she has failed to state a claim for herself.

**B. Subject Matter Jurisdiction**

A federal court must dismiss a case if it lacks subject matter jurisdiction. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, Plaintiff and the defendant are both Nebraska citizens. Diversity jurisdiction is lacking.

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, Plaintiff's complaint alleges only that defendant violated "federal housing codes." The complaint does not identify the codes she is referring to, and as the plaintiff, she has the burden of adequately alleging the basis for subject matter jurisdiction.[1] *See, e.g.*, *Thomson v. Gaiskill*, 315 U.S. 442 (1942).

---

[1] Considered in context, Plaintiff may be alleging the conditions of her father's apartment and his eviction violated regulations promulgated by the Department of Housing and Urban Development (HUD) for the various subprograms of Section 8 of the Housing and Community Development Act of 1974, codified as amended at 42 U.S.C. § 1437f. But Section 8 regulations do not create a private right of action or a basis for a claim arising under federal law. *Hill v. Group Three Housing Development Corp.*, 799 F.2d 385, 394 (8th Cir. 1986); *McCoy v. Colorado Springs Housing Authority, 2019 WL 454099, at *8 (D. Neb., 2019). See also Veracruz v. Monarch Properties, Inc.*, 2016 WL 10588063, at *2 (D.N.M., 2016) ("Merely alleging violations of HUD regulations, or asking the Court to construe federal regulations which may or may not be incorporated into Plaintiff's lease, is insufficient to confer federal jurisdiction on this case."); *De Everett v. Housing Authority of City of Shamokin*, 2013 WL 12303483, at *8 (M.D. Pa. 2013) (collecting cases); *Flores v. Edinburg Housing Authority*, 2006 WL 8447691, at *2 (S.D. Tex. 2006) (holding Section 8 regulations fail to support an implied right of action under § 1983*); Banks v. Dallas Housing Authority,* 119 F. Supp. 2d

4

Plaintiff has failed to allege a basis for finding this Court has federal subject matter jurisdiction.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Here, Plaintiff has not stated a claim for herself, cannot pursue a claim for others, and this Court lacks subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1.      This matter is dismissed without prejudice.

2.      A separate judgment will be entered.

Dated this 12th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

636 (N.D. Tex. 2000) (holding no private cause of action existed for violations of 42 U.S.C. § 1437f and its implementing regulations establishing Section 8 housing quality standards); *Kunkler v. Fort Lauderdale Hous. Auth.,* 764 F. Supp. 171, 175 (S.D. Fla.1991) (concluding that § 1437(f) does not create a private right of action against the housing authority for landlords participating in the Section 8 program).